IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

GWENDOLYN WOLFE, et al.        )
                               )
v.                             )     NO. 3:05-0717
                               )     JUDGE CAMPBELL
MERCK & CO., INC.              )

MEMORANDUM

Pending before the Court is Defendant Merck & Co., Inc.'s Motion to Dismiss for Improper Venue and Failure to State a Claim or, in the Alternative, for a More Definite Statement (Docket No. 18). For the reasons stated herein, Defendant's Motion to Dismiss (Docket No. 18) is DENIED, and Defendant's Motion for a More Definite Statement (Docket No. 18) is moot. By December 1, 2005, Plaintiffs shall file an amended complaint in full compliance with Local Rule 15.

FACTS

Plaintiffs have filed a Complaint (Docket No. 1) against Defendant, Merck & Co., Inc., alleging that each of the Plaintiffs sustained personal injuries as a result of their treatment with Fosamax, a pharmaceutical product manufactured and distributed by Defendant (Docket No. 1 at 1 and 2). Fosamax is associated with substantially increased risk of osteonecrosis of the jaw (Docket No. 1 at 1). Plaintiffs' Complaint also has a claim for Rule 23 class certification on behalf of "all persons who consume or have consumed Fosomax, whether intravenously or by the mouth." (Docket No. 1 at 4). There are three related cases in this District against Novartis Pharmaceuticals Corp., <u>Wood, et al. v. Novartis Pharmaceuticals Corp.</u>, Case No. 3:05-0716, <u>Anderson, et al. v. Novartis Pharmaceuticals Corp.</u>, Case No. 3:05-718 and <u>Becker, et al. v.</u>

Novartis Pharmaceuticals Corp., Case No. 3:05-0719. These cases also have a Rule 23 class certification claim. The putative class in Wood is alleged to be all persons who used Aredia (Case No. 3:05-0716, Docket No. 7 at 4), the putative class in Anderson is alleged to be all persons who used Aredia and Zometa (Case No. 3:05-0718, Docket No. 7 at 5), and the putative class in Becker is alleged to be all persons who used Zometa, a drug manufactured and distributed by Defendant (Case No. 3:05-0719, Docket No. 6 at 3).

Defendant has filed a Motion to Dismiss (Docket No. 18) pursuant to Fed. R. Civ. P. Rule 12(b)(3) on the basis that Plaintiffs have failed to allege sufficient facts to satisfy the venue requirements of 28 U.S.C. § 1391(a).

Defendant has also filed a Motion to Dismiss (Docket No. 18) those portions of Plaintiffs' Compliant seeking class certification and relief on a class-wide basis pursuant to Fed. R. Civ. P. Rule 12(b)(6). The basis of Defendant's motion is that Plaintiffs' Complaint fails to comply with Local Rule 15 which sets forth specific pleading requirements for complaints intended to be maintained as a class action. In the alternative, pursuant to Fed. R. Civ. P. Rule 12(e), Defendant requests that the Court order Plaintiffs to provide a more definite statement of their class claims in accordance with Local Rule 15.

ANALYSIS

I. Motion to Dismiss

In support of its Motion to Dismiss for Improper Venue (Docket No. 18), Defendant argues that venue is improper in the Middle District of Tennessee because it does not reside in the Middle District and Plaintiffs' Complaint does not allege that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District. In addition, Defendant

further asserts that venue is improper in this District because Plaintiffs' Complaint does not aver that either Plaintiff Gwendolyn Wolfe or Plaintiff Carol Smith reside in this District or that they were prescribed, purchased or consumed FOSAMAX here.  To support its allegations, Defendant relies on 28 U.S.C. §1391(a) which provides:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

In response to Defendant's allegations, Plaintiffs assert that the Middle District of Tennessee is a proper venue for this case.  More specifically, Plaintiffs assert that the Defendant has made no assertion that the Court lacks in personam jurisdiction over it.  In addition, Plaintiffs assert that Defendant's reliance on 28 U.S.C. §1391(a) without reference to 28 U.S.C. §1391(c), which provides for jurisdiction over a corporate defendant in any judicial district where is does business, is misplaced.  28 U.S.C. §1391(c) provides:

> (c) For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.  In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

The Court finds that based upon the record before it and Defendant's failure to raise any objection to the Court's general jurisdiction over it, venue is proper in this District.  28 U.S.C.

3

§1391(c).

II. <u>Motion to Dismiss</u>

Local Rule 15 provides in relevant part:

(a) Complaint. In any case to be maintained as a class action:
 (1) The complaint shall bear next to its caption the legend "Complaint--Class Action."
 (2) The complaint, under a separate heading to be styled "Class Action Allegations," shall state:
  a. A reference to the portion or portions of Rule 23 of the Federal Rules of Civil Procedure under which it is claimed that the suit is properly maintainable as a class action, and
  b. Appropriate allegations thought to justify such claim, including, but not necessarily limited to:
   1. The definition and size of the alleged class, including the number or approximate number and the geographic dispersion of the members;
   2. The bases upon which the plaintiff (or plaintiffs) claims
    i. to be an adequate representative of the class in fact and to be financially able to represent the class;
    ii. if the class is composed of defendants, that those named as parties are adequate representatives of the class;
   3. The alleged questions of law and/or fact claimed to be common to the class;
   4. In actions claimed to be maintainable as class actions under subdivision (b)(3) of Rule 23 of the Federal Rules of Civil Procedure, allegations thought to support the findings required by that subdivision; and
   5. In actions requiring a jurisdictional amount, the basis of determining that amount.

Defendant asserts that many of the allegations required by Local Rule 15 are simply missing from Plaintiffs' Complaint. For example, Defendant asserts that the Complaint is missing a "reference to the portion or portions of Rule 23 ... under which it is claimed that the suit is properly maintainable as a class action." More specifically, Defendant asserts that to the

4

extent Plaintiffs seek certification under Fed. R. Civ. P. Rule 23(b)(3), the Complaint fails to include "allegations thought to support the findings required by that subdivision," that common questions of fact or law predominate, and that a class action is the superior method for resolving those claims. Furthermore, Defendant asserts that the Complaint fails to set forth the basis upon which Plaintiffs make their claim that they would be adequate class representatives and are financially able to represent the class. Defendant also asserts that the Complaint fails to set forth the "alleged questions of law and/or fact claimed to be common to the class," and fails to contain a statement of the basis for determining that the jurisdictional amount is satisfied.

The Court finds that Plaintiffs' Complaint does not fully comply with the literal requirements of Local Rule 15, but dismissal is not the appropriate remedy. Plaintiffs shall have until December 1, 2005 to file an amended complaint in full compliance with Local Rule 15. Accordingly, Defendant's Motion to Dismiss (Docket No. 18) is DENIED. In light of the Court's ruling, Defendant's Motion for a More Definite Statement (Docket No. 18) is moot.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

5